IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN T. WILLIAMS,
No. 11751-026,

    Petitioner,

vs.                                                   CIVIL NO. 13-cv-00226-DRH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Brian T. Williams is a federal inmate currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. On March 7, 2013, Williams initiated this habeas corpus action pursuant to 28 U.S.C. § 2241, collaterally attacking his conviction and sentence for conspiracy to distribute cocaine base. *See United States of America v. Williams*, No. 99-cr-40059-MMM (C.D.Ill. Sep. 22, 2000). Upon preliminary review, the Court dismissed the action without prejudice because the United States is not a proper respondent; and petitioner was granted leave to file an amended petition (Doc. 5). A timely amended petition was filed, properly naming Warden James Cross, Jr., as the respondent (Doc. 6).

    Petitioner's June 26, 2013, motion for leave to file a second amended petition (and proposed second amended petition) is now before the Court (Doc. 7).

**Motion to Amend**

Petitioner's proposed second amended petition is premised upon a recent Supreme Court decision, *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013). *Alleyne* holds that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. Put succinctly, petitioner argues that a mandatory minimum sentence was imposed based on an amount of drugs determined by the sentencing judge, not a jury, in violation of *Alleyne*.[1] Petitioner further argues in the second amended petition that his sentence similarly violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Williams' motion for leave to amend his petition (Doc. 7) is **GRANTED**. The Clerk of Court shall file the second amended Section 2241 petition (Doc. 7-1). Consequently, the second amended petition supersedes and wholly replaces the first amended petition (Doc. 6).

**Preliminary Review**

The second amended Section 2241 petition must undergo preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court

---

[1] Petitioner pleaded guilty and, in accord with a plea agreement, he was found responsible for in excess of 1.5 kilograms of cocaine base ("crack") and sentenced to imprisonment for 240 months. The plea agreement was entered into post-*Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*see* Doc. 6-4, p. 3). In 2001, a purported motion to withdraw guilty plea was construed as a motion pursuant to 28 U.S.C. § 2255 and was denied (*see* Doc. 6, p. 4). In 2008, the district court denied Williams' motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c) (*see* Doc. 6-5, pp. 2-4).

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner Williams is not entitled to relief, and the petition must be dismissed.

As a general matter, Section 2241 is the appropriate means by which to challenge the *execution* of a sentence, while Section 2255 is to be used to challenge the validity of conviction and sentence. *See Brown v. Rios,* 696 F.3d 638, 640 (7th Cir.2012); *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). Clearly, Williams is attacking the validity of his sentence, but that does not end the analysis.

Section 2255(e) provides that Section 2241 *may* be used to contest a conviction or sentence when Section 2255 is "inadequate or ineffective" to test the legality of detention—the so-called Savings Clause. *In re Davenport,* 147 F.3d 605, 610–12 (7th Cir.1998), and *Brown v. Rios,* 696 F.3d at 640, spell out three criteria for this exception:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios,* 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* "The third condition is that [the] sentence enhancement … have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.; see also Davenport,* 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence").

*Brown v. Caraway*, __F.3d.__, 2013 WL 1920931, *2 (7th Cir. May 10, 2013).[2]

Williams cannot meet the criteria for utilizing Section 2241. First, *Alleyne* was decided based on constitutional principles, not statutory interpretation. Second, *Alleyne* was not made retroactive by the Supreme Court. *See Simpson v. United States*, __F.3d__, 2013 WL 3455876, *1 (7th Cir. July 10, 2013) (holding that *Alleyne*, like *Apprendi*, was not made retroactive).

Petitioner does not address Section 2255. He does not suggest any other reasons why Section 2255 is an inadequate or ineffective remedy. Also, there is no indication that he has sought leave to file a successive Section 2255 petition. The fact that a petitioner may be barred from bringing a successive Section 2255 petition is not, in itself, sufficient to render Section 2255 an inadequate remedy. *In re Davenport,* 147 F.3d at 609–10 (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).

To summarize, Section 2255 does not prove to be an inadequate remedy for petitioner's current claims. Consistent with *In re Davenport,* petitioner therefore cannot raise this claim under the awning of Section 2241.

---

[2] In *Brown v. Caraway*, __F.3d.__, 2013 WL 1920931 (7th Cir. May 10, 2013), the Court of Appeals for the Seventh Circuit permitted Section 2241 to be utilized to contest the length of a sentence of a "career offender" under U.S.S.G. § 4B1.1, despite the statute of limitations and the successive petition bar under Section 2255(h). This district court does not read *Brown v. Caraway* as opening the window wide for the use of Section 2241rather than Section 2255. Furthermore, there is no indication Williams was deemed a career offender.

**IT IS THEREFORE ORDERED** that petitioner's motion to amend the petition (Doc. 7) is **GRANTED**. The Clerk of Court shall file the second amended petition (Doc. 7-1).

**IT IS FURTHER ORDERED** that, for the reasons stated, this action and the second amended petition are summarily **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED.R.APP.P. 24(a)(1) (C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e) (2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir. 2008) (citing

28 U.S.C. § 2253(c)(2); *see also Evans v. Circuit Court of Cook County, Ill.,* 569 F.3d 655, 666 (7th Cir. 2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order). Also, petitioner has not demonstrated "that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional rights that he deserves encouragement to proceed further." *Rutledge v. United States,* 230 F.3d 1041, 1047 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 22nd day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.22 15:49:46 -05'00'

**Chief Judge
United States District Court**