IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN T. WILLIAMS,
No. 11751-026,

    Petitioner,

vs.                                                                    CIVIL NO. 13-cv-00226-DRH

JAMES CROSS, JR.,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Brian T. Williams is a federal inmate currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. On March 7, 2013, Williams initiated this habeas corpus action pursuant to 28 U.S.C. § 2241, collaterally attacking his conviction and sentence for conspiracy to distribute cocaine base (Doc. 1). *See United States of America v. Williams*, No. 99-cr-40059-MMM (C.D.Ill. Sep. 22, 2000). At this juncture, Williams' third amended petition is before the Court (Doc. 13).

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the third amended petition shall undergo preliminary review. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

### The Third Amended Petition

The third amended petition asserts three principal grounds for upsetting Williams' conviction and sentence:

1. Williams is actually innocent, because he was convicted of a nonexistent offense:  conspiring with himself;

2. The district court was without jurisdiction to impose sentence and judgment based on facts not admitted by Williams, nor found by a jury; and

3. The sentencing scheme relative to crack cocaine is unconstitutional and racially biased.

Williams cites a virtual laundry list of Supreme Court cases dating from 2004 (when his first Section 2255 petition was decided), to the present (*see* Doc. 13-1, pp. 6-7).  He contends that the so-called "savings clause" in 28 U.S.C. § 2255(e) permits him to now use Section 2241 to attack his conviction and sentence, because all of those cited precedents were unavailable when he filed his first Section 2255 petition.  Furthermore, he contends he is actually innocent of conspiring to distribute cocaine base.

### Procedural Posture of the Third Amended Petition

It is important to note that by order dated July 22, 2013, the second amended petition was dismissed with prejudice and final judgment was entered (Docs. 9, 10).  However, Williams' subsequent motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 11) was granted (Doc. 12).

The order and judgment were vacated and Williams was directed to file a third amended petition asserting all grounds for relief. However, the Court's prior ruling regarding arguments based upon *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013), and, tangentially upon *Apprendi v. New Jersey*, 530 U.S. 466 (June 26, 2000), were to remain the law of the case. In order to present a clear record of the arguments made and the Court's rulings, the Court intended to address all arguments presented in the third amended complaint in a single order, although the analysis and conclusions regarding *Alleyne* and *Apprendi* would be the same.

Grounds 2 and 3 of the third amended petition, to some extent, rest upon *Alleyne* and *Apprendi*. However, reading the three grounds and all of Williams' arguments together casts matters in a different light (which is not to say that the Court's previous analysis and conclusions were incorrect). Therefore, the Court will now vacate it's prior ruling and fully consider anew all grounds and arguments presented in the third amended petition.

### **Williams' Litigation History**

Williams' litigation history places the petition in context and is relevant the analysis of this collateral attack; it also highlights a possible obstacle that was previously obscured: the affirmative defense of waiver.

In December 1999, Petitioner Williams pleaded guilty and, in accord with a sentencing agreement, he was found responsible for in excess of 1.5 kilograms of cocaine base ("crack") and in September 2000 he was sentenced to imprisonment

for 240 months. The sentencing agreement was entered into post-*Apprendi v. New Jersey*, 530 U.S. 466 (June 26, 2000) (*see* Doc. 6-4 (*Apprendi* is specifically referenced in the September 22, 2000, sentencing agreement)).[1]

In 2001, a purported motion to withdraw guilty plea was construed as a motion pursuant to 28 U.S.C. § 2255 and was denied (*see* Doc. 6, p. 4).[2] However, due to a defective warning regarding the consequences of construing the 2001 motion as a Section 2255 petition, the Court of Appeals subsequently ruled that it would <u>not</u> count as a Section 2255 petition for purposes of Section 2255 ¶ 8 (Section 2255(h), the successive petition provision). *Williams v. United States*, 366 F.3d 438 (7th Cir. 2004).

Williams' 2004 Section 2255 petition asserting that counsel was ineffective in negotiating the sentencing agreement and waiver provisions in that agreement was denied as untimely, having been filed more than one year after Williams' conviction became final (*see United States v. Williams*, No. 99-cr-40059-MMM, Doc. 69, p. 3). The Seventh Circuit affirmed that ruling in *Williams v. Ashcroft*, No. 04-4152 (7th Cir. June 7, 2005).

---

[1] The Court will frequently cite to Doc. 6, the amended petition, because that petition contains documents not available through the cm-ecf system.

[2] Although the relevant documents are not available at this time, subsequent pleadings reflect that Williams claimed ineffective assistance of counsel in relation to the sentencing agreement. The government asserted, and the district court and appellate court agreed, that Williams had waived his right to appeal and collaterally attack his sentence. *See* No. 99-cr-40059-MMM, Doc. 67, pp. 4-5. Williams' third amended Section 2241 petition also acknowledges waiver provisions in the sentencing agreement relative to appeal and collateral attack (*see* Doc. 13-1, p. 3).

In 2006, the district court denied Williams' motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c) (*see* No. 99-cr-40059-MMM, Doc. 69)). Similarly, in 2008, the district court denied Williams' second motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c) (*see* Doc. 6-5, pp. 2-4). That ruling was affirmed in *United States v. Williams*, Nos. 08-4204, 09-1117 (7th Cir. May 19, 2009).

In July 2011, Williams filed another Section 2255 petition, asserting that counsel was ineffective in negotiating his plea agreement; the petition was denied as successive, and the Court of Appeals denied a certificate of appealability. *See Williams v. United States*, No. 11-2816 (June 18, 2012).

## Discussion

Petitioner is now attempting to utilize 28 U.S.C. § 2241 to vacate his conviction and sentence. As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him, as petitioner Williams has repeatedly demonstrated. Indeed, a Section 2255

motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Because of the successive petition rule (Section 2255(h)), and the waiver provision in his sentencing agreement, Williams has, thus far, been blocked from successfully using Section 2255.

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998)

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios,* 696 F3d 638, 640 (7th Cir. 2012).

Without commenting on the merits of petitioner's claims, based on the limited documentation available to the Court, the Court concludes that the third amended petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

## Disposition

**IT IS HEREBY ORDERED** that the Court's October 1, 2013, order reopening the case (Doc. 12) is hereby **AMENDED**, in that the Court will consider anew <u>all</u> grounds and arguments presented in the third amended petition.

**IT IS FURTHER ORDERED** that respondent shall answer or otherwise plead on or before **March 3, 2014**.[3] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases in United States District Courts, petitioner shall file any reply to respondent within 30 days of the date respondent's reply is filed.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.

**IT IS SO ORDERED.**

**Signed this 30th day of  January, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.01.30
09:47:44 -06'00'

**Chief Judge**
**United States District Court**