IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN T. WILLIAMS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-226-CJP[1] |
| | ) |
| **JAMES CROSS, JR.,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Brian T. Williams' amended petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 13) is now before the Court.

Petitioner pleaded guilty to one count of conspiracy to distribute crack cocaine in the Central District of Illinois. In September, 2000, pursuant to a written agreement, he was sentenced to 240 months imprisonment. The agreement contained a waiver of petitioner's rights to appeal and to file a collateral challenge to his sentence. He did not appeal, but he has filed a number of collateral actions.

As construed on preliminary review (Doc. 14), the third amended petition presents the following claims:

1. Williams was convicted of a non-existent offense, conspiring with himself.

2. The Central District did not have jurisdiction to enter judgment against

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 18.

him because the judgment and sentence were based on facts not admitted by him or found by a jury.

3. The sentencing laws for crack cocaine were unconstitutional and racially biased.

Williams also argues that defense counsel rendered ineffective assistance with regard to the plea agreement, that the waiver of his right to collaterally attack his sentence created a conflict of interest with his attorney, and that his guilty plea was not knowing and voluntary because counsel forced him into accepting the plea offer by threatening that, if he did not, he would be sentenced to life in prison.

Respondent argues that petitioner is precluded from bringing a §2241 petition because his claims do not rely on a new rule of law.

### Relevant Facts and Procedural History

In December, 1999, Williams pleaded guilty to one count of conspiracy to distribute crack cocaine in the Central District of Illinois. In September, 2000, Williams and the government executed a written Sentencing Agreement. The agreement is located at Doc. 23, Ex. 1, pp. 11-15.[2] Williams and the government agreed that he was responsible for in excess of 1.5 kilograms of crack cocaine. Ex.1, p. 11, ¶3. The parties agreed that Williams would be sentenced under 21 U.S.C. §841(b)(1)(C), which provided for a maximum sentence of 20 years imprisonment and no mandatory minimum sentence, and further agreed that Williams would be sentenced to 240 months imprisonment. Ex.1, p. 13, ¶¶9 & 10. In paragraph 11 of the agreement, Williams agreed to waive his right to

---

[2] The Court refers to the document, exhibit and page numbers assigned by the CM/ECF system.

appeal, his right to seek review of his sentence under 18 U.S.C. §3742, and his right to file a collateral attack, "including but not limited to a motion brought under Title 28, United States Code, Section 2255."

District Judge Michael M. Mihm accepted the agreement and sentenced Williams to 240 months imprisonment on September 22, 2000. A transcript of the sentencing hearing is at Doc. 23, Ex. 1, p. 16 through Ex. 2, p. 21.

Despite the waiver in the Sentencing Agreement, Williams filed a motion to withdraw his plea pursuant to the All Writs Act in March, 2001. Doc. 23, Ex. 3, pp. 16-19. Judge Mihm construed this pleading as a motion under 28 U.S.C. §2255. The motion argued that the waiver of appeal rights was inconsistent with Rule 11 and the Constitution, and (by way of amendment) that counsel was ineffective for allowing him to waive his appeal rights. Judge Mihm dismissed the motion in June, 2001, finding that Williams had made a knowing and voluntary waiver of his right to appeal and to bring a collateral attack on his conviction and sentence. Ex. 3, pp. 20 through Ex. 4, p. 4. Williams then filed a motion pursuant to Fed.R.Civ.P. 59(e), which was denied. Ex. 4, pp. 5-7. Judge Mihm denied a certificate of appealability. Ex. 4, pp. 8-10.

The Seventh Circuit denied a certificate of appealability because it found "no substantial showing of the denial of a constitutional right." Ex. 4, p. 11.

Williams then filed a second §2255 motion, which Judge Mihm dismissed in July, 2003, because it was a successive petition filed without the permission of the Court of Appeals. Ex. 5, pp. 8-9. The Seventh Circuit denied a certificate of

appealability. Ex. 5, p. 13.

Williams then sought permission from the Seventh Circuit to file a successive §2255 motion. The Seventh Circuit held that he did not need permission because the intervening case of *Castro v. United States*, 124 S. Ct, 786 (2003) required the district court to give him notice of the consequences of characterizing his original motion to withdraw his guilty plea as a §2255 motion. Because Judge Mihm had not given him that notification, his "prior proceeding does not count for the purposes of §2255 ¶8." *Williams v. United States*, 366 F.3d 438, 439 (7th Cir. 2004).

In June, 2004, Williams filed another §2255 motion, arguing that counsel had rendered ineffective assistance of counsel in connection with the Sentencing Agreement. Ex. 5, p. 20 through Ex. 6, p. 5. Judge Mihm dismissed that motion as untimely in July, 2004, reasoning that nothing in the Seventh Circuit's opinion in *Williams, supra*, relieved him of the one-year statute of limitations for filing a §2255 motion or permitted him to resurrect or reopen his first postconviction filing. Ex. 6, pp. 6-10.

The Seventh Circuit denied a certificate of appealability. Ex. 6, p. 13.

Petitioner continued to file collateral attacks in the Central District. For purposes of this case, it is not necessary to delve into the particulars of those cases. Petitioner's filings are described at Doc. 23, pp. 8-10.

## Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may

not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him.  A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  And, a prisoner is generally limited to bringing only *one* motion under §2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a

convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

In order to show that §2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

## Analysis

In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that, while a waiver of the right to bring a collateral attack is enforceable when it is knowingly and voluntarily made, a petitioner may still file a §2255 motion alleging ineffective assistance of counsel with relation to the plea

agreement. See also, *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013).

Petitioner Williams argues here that he should not be bound by the waiver of collateral attack contained in his agreement because his attorney rendered ineffective assistance. The problem with that argument is that petitioner is before this Court on a §2241 petition, not a motion pursuant to §2255.

The ineffective assistance argument cannot be brought in a §2241 petition because it does not fit within the savings clause of 28 U.S.C. §2255(e). The argument does not rely on any new rule of statutory construction, as required by *Davenport* and its progeny. Rather, it is a claim that has been available to Williams from the beginning. In fact, he asserted ineffective assistance in his first challenge to his sentence. Judge Mihm construed that challenge as a motion under §2255 and considered Williams' ineffective assistance argument. Doc. 23, Ex. 3, pp. 20 through Ex. 4, p. 4. Accordingly, the remedy under §2255 is not "inadequate or ineffective to test the legality of his detention" and he cannot bring a §2241 petition.

Williams tried to raise an expanded claim of ineffective assistance in a §2255 motion filed in June, 2004. Ex. 5, p. 20 through Ex. 6, p. 5. Judge Mihm dismissed that motion as untimely. Ex. 6, pp. 6-10. The fact that the motion was dismissed as untimely does not make the remedy offered by §2255 inadequate or ineffective. "A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate…." *Morales v.*

*Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(emphasis in original). The same is true of all of the arguments raised in the third amended petition for writ of habeas corpus under 28 U.S.C. §2241. All of these claims could have been raised in a timely §2255 motion. Petitioner's failure to do so does not make the §2255 remedy inadequate or ineffective. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Williams argues that the failure to give him a *Castro* warning should permit him to file a §2241 petition. This is a red herring. Regardless of whether he received a *Castro* warning, 28 U.S.C. §2255(f)(1) required him to file his §2255 motion within one year of the date on which his conviction became final. He amended his initial motion to assert ineffective assistance. See, Doc. 27, pp. 22-25. There is no reason that he could not have raised all of his arguments within the one-year period. He also suggests that Judge Mihm erred in denying his initial motion. However, a claim that a §2255 motion was erroneously decided does not illustrate a structural problem with §2255 and does not mean that the §2255 remedy is ineffective or inadequate to test the legality of petitioner's detention. *Taylor v. Gilkey*, 314 F.3d at 835.

Petitioner tries to bring himself within the savings clause by citing two new cases. This Court agrees with respondent that Williams is foreclosed from bringing a collateral attack by his Sentencing Agreement. However, for the sake of completeness, the Court will briefly address petitioner's argument.

First, petitioner cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

However, *Alleyne* is not a statutory interpretation case.  Rather, it is a constitutional case.  "*Alleyne* establishes a new rule of constitutional law." *Simpson v. U.S.*, 721 F.3d 875, 876  (7th Cir. 2013).  Because *Alleyne* is a constitutional case, not a statutory interpretation case, Williams does not meet the first of the *Davenport* requirements and he cannot bring his claim in a petition under §2241.  "Because Congress may have overlooked the possibility that new and retroactive statutory decisions could support collateral review, we held in Davenport that for this small class of situations § 2255 is 'inadequate or ineffective to test the legality of [the] detention.'"  *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).    See also, *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)(" First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.'")   To top it off, *Alleyne* has nothing to do with this case because Williams was sentenced under 21 U.S.C. §841(b)(1)(C), which does not set a mandatory minimum sentence.   See, *Alleyne,* 133 S. Ct. at 2155.

Secondly, petitioner cites *DePierre v. United States*, 131 S. Ct. 2225 (2011), which is a new statutory construction case.  However, *DePierre* does not announce a new rule that has any application to petitioner's case.

In *DePierre*, the Supreme Court held that the term "cocaine base" as used in 21 U.S.C. §841(b)(1)(A) and (b)(1)(B) "refers generally to cocaine in its chemically basic form" and not "exclusively to what is colloquially known as 'crack cocaine.'"   Cocaine in its chemically basic form includes crack cocaine,

freebase, and coca paste, but does not include powder cocaine. *DePierre*, 131 S. Ct. 2225, 2227-28. The drug charged in Williams' indictment was "cocaine base, a/k/a 'crack cocaine.'" Doc. 23, Ex. 1, p. 9. Williams agreed that he was responsible for "in excess of 1.5 kilograms of cocaine base, also known as crack cocaine." Doc. 23, Ex. 1, p. 11. Despite the amount of crack cocaine involved, Williams was sentenced to 240 months under 21 U.S.C. §841(b)(1)(C). Doc. 23, Ex. 1, p. 13. That section does not use the term "cocaine base" and was not at issue in *DePierre*. Therefore, *DePierre* is of no relevance at all to petitioner's case.

## Conclusion

Brian T. Williams' Amended Petition for Writ of Habeas Corpus (Doc. 13) is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

DATE:   August 3, 2015.

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 30-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).